UNITED STATES DISTRICT COURT                    'O'
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:13- CV-05009-CAS-(AJWx) | Date | August 30, 2013 |
|---|---|---|---|
| Title | Todd D. Pike v. Dr. Henry Lee, M.D., et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) DEFENDANT J. CLARK KELSO'S MOTION TO DISMISS** (filed July 18, 2013) [5]

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 9, 2013, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On December 21, 2013, plaintiff Todd D. Pike filed this case in the Los Angeles County Superior Court against defendants Dr. Henry Lee ("Lee"), Dr. Mark Interian ("Interian"), Elvin Valenzuela ("Valenzuela"), J. Clark Kelso ("Kelso"), and Does 1-50. On July 3, 2013, the parties agreed to transfer the case to San Luis Obispo County Superior Court. Plaintiff alleges that Lee and Interian committed medical malpractice when treating plaintiff while he was an inmate at the California Men's Colony ("CMC") in San Luis Obispo. The operative First Amended Complaint ("FAC") asserts claims for: (1) medical negligence; (2) lack of informed consent; and (3) dental negligence. On July 12, 2013, defendant Kelso removed the case to this Court pursuant to 28 U.S.C. § 1442. Dkt. No. 1.

On July 18, 2013, Kelso moved to dismiss the FAC's claims against him pursuant to Fed. R. Civ. P. 12(b)(6). On August 19, 2013, plaintiff filed an opposition, and on August 26, 2013, Kelso filed a reply. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT                                    'O'
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13- CV-05009-CAS-(AJWx) | Date | August 30, 2013 |
|----------|---------------------------|------|-----------------|
| Title | Todd D. Pike v. Dr. Henry Lee, M.D., et al | | |

## II.   BACKGROUND

This case arises out of medical and dental treatment received by plaintiff while he was an inmate at CMC from 2008 to 2011.  Plaintiff alleges that he suffers from a number of neurological conditions which were initially diagnosed prior to his incarceration. FAC ¶ 8.  When plaintiff was first incarcerated at CMC, he was examined by prison physicians.  Defendant Lee, the staff neurologist at CMC, prescribed anti-convulsant medications to treat plaintiff's neurological conditions.  FAC ¶¶ 17–19.  Plaintiff disagreed with Lee's course of treatment, and requested that Lee order an outside consult so that plaintiff could get a second opinion.  Plaintiff's request was denied.  FAC ¶ 16.

Plaintiff alleges that the medication prescribed by Lee did not adequately treat his neurological conditions, and instead caused several adverse side effects.  Among other symptoms, plaintiff claims that he had an allergic reaction to the medication that caused his gums to begin swelling and bleeding.  FAC ¶¶ 25–30.  When plaintiff sought dental care, defendant Interian, a dentist on staff at CMC, extracted one of plaintiff's teeth in response to this swelling and bleeding.  Plaintiff states that the tooth was extracted against his wishes. FAC ¶¶ 28, 32.

In addition to Lee and Interian, plaintiff has also sued defendants Valenzuela and Kelso.  Valenzuela is the warden of CMC, the facility in which plaintiff was incarcerated.  FAC ¶ 4.  Kelso is Receiver for the California state prison medical care system.[1]

---

[1]      In Plata v. Schwarzenegger, 2005 WL 2932253 (N.D. Cal. Oct. 3, 2005), Judge Thelton E. Henderson appointed a Receiver to take control of medical care in California state prisons in order to "bring the delivery of health care in California prisons up to constitutional standards." Id. at *1.  On January 3, 2008, Judge Henderson appointed defendant Kelso as Receiver, a post which Kelso continues to hold.  Dodd Decl. Ex. 2.

UNITED STATES DISTRICT COURT             'O'
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13- CV-05009-CAS-(AJWx) | Date | August 30, 2013 |
|----------|---------------------------|------|-----------------|
| Title | Todd D. Pike v. Dr. Henry Lee, M.D., et al | | |

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT                    'O'
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13- CV-05009-CAS-(AJWx) | Date | August 30, 2013 |
|----------|---------------------------|------|-----------------|
| Title    | Todd D. Pike v. Dr. Henry Lee, M.D., et al | | |

Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    DISCUSSION

### A. Kelso's Motion to Dismiss

Kelso advances four arguments for why this case should be dismissed.  First, he argues that the FAC fails to articulate a claim under the pleading standard set forth by Twombly and Iqbal.  Second, to the extent plaintiff alleges constitutional claims, those claims fail because Kelso is not a state actor for purposes of 42 U.S.C. § 1983.  Third, as a Receiver appointed pursuant to a judicial order, Kelso is entitled to quasi-judicial immunity from suit.  Finally, Kelso argues that he is also entitled to qualified immunity.

The Court finds that plaintiff's complaint against Kelso must be dismissed for two reasons.  First, the FAC does not "provide the 'grounds' of his 'entitlement to relief'" against Kelso.  Twombly, 550 U.S. at 555.  In order to overcome a motion to dismiss, the FAC must both state cognizable claims against Kelso and supply enough "factual allegations" to support those claims.  Iqbal, 556 U.S. at 678.  Here, the FAC does not appear to make any specific claims against Kelso.  The FAC's only statement about Kelso is that "Defendant Kelso is responsible for the health welfare [sic] of inmates statewide."  Compl. ¶ 34.

This general assertion that Kelso is "responsible" does not state a claim for relief. The does not specify why Kelso is responsible, or what Kelso did that would make him

UNITED STATES DISTRICT COURT                    'O'
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13- CV-05009-CAS-(AJWx) | Date | August 30, 2013 |
|---|---|---|---|
| Title | Todd D. Pike v. Dr. Henry Lee, M.D., et al | | |

responsible for plaintiff's alleged injuries.  Insofar as plaintiff seems to be claiming that Kelso is vicariously liable as Receiver for the California prison health system, the FAC does not explain why Kelso should be vicariously liable for the specific acts that allegedly harmed plaintiff.  Without more "factual content" explaining how and why Kelso is responsible for plaintiff's injuries, the Court cannot "draw [a] reasonable inference that [Kelso] is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Second, even if plaintiff could allege a plausible claim against Kelso, Kelso would nonetheless be immune.  When Judge Henderson appointed a Receiver of the California prison medical care system, he ordered that: "The Receiver and his staff shall have the status of officers and agents of this Court and as such shall be vested with the same immunities as vest with this Court."  RJN, Ex. 1 II.F.  This "quasi-judicial immunity" shields Kelso from suit for all actions taken in his capacity as Receiver.  See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002).  Here, plaintiff seeks to sue Kelso because, as Receiver, Kelso "is responsible for the health . . . of inmates statewide."  Compl. ¶ 34.  Because Kelso was sued in his capacity as Receiver, Kelso is immune.  Cf. Haller v. Hartley, 2013 WL 322321 (E.D. Cal. Jan. 28, 2013) ("[T]he Court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him.").  This immunity means that plaintiff's claims against Kelso must be dismissed.  See, e.g., Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1387 n.6 (9th Cir. 1987)

For these two reasons, plaintiff fails to state a claim against Kelso.  And although an amended complaint might cure the FAC's defects under Iqbal, no amendment will defeat Kelso's quasi-judicial immunity.  Accordingly, the Court finds that plaintiff's action against Kelso should be dismissed with prejudice.

**B.  Subject Matter Jurisdiction**

This case is in federal court because Kelso removed it pursuant to 28 U.S.C. § 1442(a).  But now that Kelso has been dismissed from the case, there does not appear to be an independent basis for federal subject matter jurisdiction.  The operative FAC alleges state-law claims, and there is no suggestion of complete diversity between plaintiff and the remaining defendants.  Because there is no longer a basis for federal subject matter jurisdiction, the Court has discretion to either remand the case to San Luis Obispo Superior Court or to continue exercising supplemental jurisdiction over the state-law claims.  See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir.1991) ("It is

UNITED STATES DISTRICT COURT                    'O'
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13- CV-05009-CAS-(AJWx) | Date | August 30, 2013 |
|----------|---------------------------|------|-----------------|
| Title | Todd D. Pike v. Dr. Henry Lee, M.D., et al | | |

generally within a district court's discretion to retain jurisdiction to adjudicate the pendent state claims or remand them to state court."). Here, because the exercise of supplemental jurisdiction is generally inappropriate "when the federal-law claims have dropped out of the lawsuit in its early stages," the Court declines to exercise supplemental jurisdiction over the state law claims alleged in the current complaint. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)

The Court notes, however, that although the FAC alleges purely state-law claims, plaintiff's opposition characterizes his suit as arising under the federal constitution. See Opp. ¶¶ 9–12. The precise nature of these putative constitutional claims is somewhat unclear. Plaintiff states: "This is not a Section 1983 suit. However it may qualify under Bivens and may be open to injunctive or other relief."[2] Id. 12. Nonetheless, if plaintiff were to allege a violation of his rights under the U.S. Constitution, those allegations could potentially support federal question jurisdiction pursuant to 28 U.S.C. § 1332. And while the FAC does not currently allege any claims under the U.S. Constitution or federal law, plaintiff's opposition does request leave to amend his complaint. Id. ¶ 11.

Accordingly, the Court orders plaintiff to show cause why this action should not be remanded to San Luis Obispo Superior Court. If plaintiff wishes to allege claims under federal law against the remaining defendants, he should summarize those claims in his response to the order to show cause.

**V.    CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendant Kelso's motion to dismiss with prejudice. Plaintiff is ORDERED to show cause on or before September 12, 2013 why this action should not be remanded to San Luis Obispo Superior Court.

---

[2]      The Court notes that plaintiff is unlikely to be able to state a Bivens claim against the remaining defendants, who are all employees of the California state prison system, because Bivens actions generally assert violations of constitutional rights by federal, rather than state, officials. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971).

UNITED STATES DISTRICT COURT                    'O'
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13- CV-05009-CAS-(AJWx) | Date | August 30, 2013 |
|----------|---------------------------|------|-----------------|
| Title | Todd D. Pike v. Dr. Henry Lee, M.D., et al | | |

The Court defers ruling on defendants Lee, Interian, and Valenzuela's motion to screen the FAC under 28 U.S.C. § 1915A.  Dkt. 8.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |